ROBERT W. FREEMAN
Nevada Bar No. 3062
E-Mail: Robert.Freeman@lewisbrisbois.com
JENNIFER A. TAYLOR
Nevada Bar No. 6141
E-Mail: Jennifer.A.Taylor@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
Attorneys for Defendant
*State Farm Fire & Casualty Company, erroneous sued as State Farm Insurance*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| PHILIP JOHNSON, Pro Se,<br><br>    Plaintiff,<br><br>    vs.<br><br>STATE FARM INSURANCE,<br><br>    Defendants. | Case No.: 2:25-cv-00095-JAD-DJA<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL REVIEW REQUESTED** |

The parties, each acting through respective counsel, having met and conferred on February 26, 2025, as required by FRCP 26(f), and, in accordance with LR 26-1(b), hereby submit the following Stipulated Discovery Plan and Proposed Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day.

## I.

## FRCP 26(f) REQUIRED INFORMATION

A. What changes, if any, should be made in the timing, form, or requirements for disclosures under 26(a): LR 26-1(b)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review." The parties jointly propose a Special Schedule Discovery Plan. The parties request 270 days in order to conduct discovery. The additional time is requested in

153390487.2

order for the parties, prior to incurring extensive and expensive discovery, to attempt to resolve this action through alternative forms of resolution (mediation, arbitration or informal means).

    B.    When disclosures under FRCP 26(a) were made or will be made:

        1.    Plaintiff's disclosures: will be made by March 30, 2025.

        2.    Defendants' disclosures: will be made by March 12, 2025.

    C.    Subjects on which discovery may be needed:

        1.    Plaintiff's view: All elements of the Plaintiff's claims and the Defendants' affirmative defenses.

        2.    Defendants' view: All elements of Plaintiff's claims and damages.

    D.    Should discovery be conducted in phases or limited to or focused upon particular issues?

        1.    Plaintiff's view: No.

        2.    Defendants' view: No.

    E.    What issues, if any, about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced?

        1.    Plaintiff's view: None.

        2.    Defendants' view: At this time the parties do not anticipate any issues with regard to electronically stored information the parties additionally stipulate to serve all disclosures via electronic mail.

    F.    What issues, if any, about claims of privilege or of protection as trial preparation material, including if the parties agree on a procedure to assert these claims after production?

        1.    Plaintiff's view: None.

        2.    Defendants' view: Given the unique nature of privilege, the parties agreed to address any claims of privilege or work product as they arise. However, the parties have discussed agreeing to a protective order with respect to confidential or trade secret documents, such as State Farm's policies and procedures. If the parties cannot reach an agreement, they may ask for the Court's assistance in assessing the scope of any protective order.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

153390487.2

      H.    What changes, if any, should be made in limitations on discovery imposed under these rules and what, if any, other limitations should be imposed?

          1.    Plaintiff's view: None.

          2.    Defendants' view: None.

      I.    What, if any, other orders should be entered by court under Rule 26(c) or Rule 16(b) and (c):

          1.    Plaintiff's view: None at present.

          2.    Defendant's view: The parties have discussed agreeing to a protective order with respect to confidential or trade secret documents, such as State Farm's policies and procedures.

      J.    Expedited Schedule: Not applicable.

## II.

## DISCOVERY CUT-OFF DATE

The parties anticipate that discovery will take 270 days, measured from February 26, 2025, which is the date the FRCP 26(f) and LR 26-1(a), meeting of counsel was held. The discovery cut-off date, therefore, will be Monday, November 24, 2025.

In the event any deadline herein falls on a weekend or court holiday, the due date will be the next court day.

## III.

## AMENDING THE PLEADINGS AND ADDING PARTIES

Motions to amend the pleadings or add parties shall be filed within ninety (90) days prior to the close of discovery, or Tuesday, August 26, 2025.

## IV.

## EXPERT DISCLOSURE

Pursuant to FRCP 26(a)(2)(D), the parties shall disclose their experts no later than sixty (60) days before the discovery cut-off date, or on or before Thursday, September 25, 2025. Disclosures of rebuttal experts shall be made thirty (30) days after the initial disclosure of experts, or on or before Monday, October 27, 2025.

Each party shall comply with the expert witness disclosure requirements set forth in FRCP

26(a)(2)(B).

## V.

## **DISPOSITIVE MOTIONS**

All dispositive motions shall be filed no later than thirty (30) days after the discovery cut-off date, or Wednesday, December 24, 2025.

## VI.

## **PRE-TRIAL ORDER**

Unless the discovery plan otherwise provides and the Court so orders, the deadline for the Joint Pre-Trial Order is thirty (30) days after the date set for filing dispositive motions, or Friday, January 23, 2026.  If dispositive motions are filed, the date for filing the Joint Pre-Trial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the Court.

## VII.

## **FRCP 26(a)(3) DISCLOSURES**

Unless otherwise ordered by the Court, the disclosures required by FRCP 26(a)(3) and any objections to them must be included in the Pre-Trial Order filed by the parties.

## VIII.

## **ALTERNATIVE DISPUTE RESOLUTION**

The parties, by and through undersigned counsel, hereby certify that they have met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration and, if applicable, early neutral evaluation.

## IX.

## **ALTERNATIVE FORMS OF CASE DISPOSITION**

The parties, by and through undersigned counsel, hereby certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01).

/ / /

/ / /



153390487.2

4

## X.

## ELECTRONIC EVIDENCE (JURY TRIAL ONLY)

The parties, by and through undersigned counsel, hereby certify that they have discussed the production of evidence in electronic format to the jury for the purposes of jury deliberations.

## XI.

## EXTENSION OF SCHEDULED DEADLINES

Pursuant to LR 26-3, any and all motions or stipulations to extend a deadline set forth herein must be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline.

Dated this ___ day of March, 2025

[signature]

Philip Johnson
241 E. Kimberly Drive
Henderson, Nevada 89015-8007
*Plaintiff Pro Se*

Dated this 12th day of March, 2025

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Jennifer A. Taylor*

ROBERT W. FREEMAN
Nevada Bar No. 3062
JENNIFER A. TAYLOR
Nevada Bar No. 6141
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant State Farm Fire & Casualty Company, erroneous sued as State Farm Insurance*

## ORDER

IT IS THEREFORE ORDERED that the parties' stipulated discovery plan (ECF No. 12) is GRANTED. IT IS FURTHER ORDERED that Defendant's individual discovery plan (ECF No. 11) is DENIED AS MOOT.

[signature]

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: March 13, 2025

153390487.2

5